OPINION.
{¶ 1} Patricia Flory appeals from a judgment of the Miami County Court of Common Pleas, Juvenile Division, awarding permanent custody of her daughters, Alexis FloryA. and Jacqueline FloryJ., to the Miami County Children's Services Board (MCCSB). Flory contends that the trial court's decision to grant permanent custody of AlexisA. and JacquelineJ. to the MCCSB wasis against the manifest weight of the evidence, and is not supported by clear and convincing evidence. After reviewing the entire record, we disagree. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 2} In June, 2001, the Miami County Children's Services Board filed a complaint alleging that Alexis Flory A., born May 2, 2000, and Jacqueline Flory J., born April 13, 2001, were dependent children. Prior to the dependency complaint, a Voluntary Agreement of Temporary Custody was signed by Flory in May, 2001. On June 25, 2001, the trial court granted an Order of Interim Custody of Alexis A. and Jacqueline J. to the MCCSB. On July 11, 2001, Flory signed an Agreed Entry of Adjudication and Disposition admitting the allegations in the dependency complaint to be true and agreeing that temporary custody of Alexis A. and Jacqueline J. with the MCCSB would be in their best interest and welfare. Flory further agreed that the MCCSB had made reasonable efforts to prevent the need for placement of Alexis A. and Jacqueline J. outside their home. Flory agreed to cooperate with the MCCSB by participating and completing services of a case plan developed for her with the goal of reunifying her with Alexis A. and Jacqueline J.
 {¶ 3} According to the case plan, Flory was to obtain and maintain stable housing that was sanitary and safe for Alexis A. and JacquelineJ. Flory was not to reside with Heather Richardson or Ben Kruger, the father of Alexis A. and Jacqueline J. Flory was to obtain and maintain sufficient employment in order to provide for herself and her children. Flory was to provide for the basic needs of Alexis A. and Jacqueline J. including food, clothing, cleanliness, medical needs and shelter. Flory was to use age-appropriate disciplinedisciplinary measures, not corporal punishment, with Alexis A. and Jacqueline J. Flory was not to abuse or neglect Alexis A. and Jacqueline J. Flory was to attend counseling to address issues of loss and separation from her children, consequences of her own abuse, the effects of dependency, and to understand positive and negative relationships.
 {¶ 4} On April 1, 2002, Flory filed a Motion to Terminate Custody, requesting that the trial court to terminate the temporary custody of Alexis A. and Jacqueline J. previously granted to the MCCSB and grant full custody to Flory. The MCCSB filed a Motion to Change Disposition from Temporary Custody to Permanent Custody with MCCSB on April 3, 2002 that, which was subsequently amended on August 20, 2002. A hearing was held before thea magistrate on August 29, 2002. Following the hearing, the magistrate issued a decision granting permanent custody of Alexis A. and Jacqueline J. to the MCCSB and dismissing Flory's Motion to Terminate Custody. Flory filed objections to the magistrate's decision, which were overruled by the trial court. The trial court adopted the decision of the magistrate. From this decision, Flory appeals.[1]
 II {¶ 5} Flory's sole Assignment of Error is as follows:
 {¶ 6} "The trial court's decision to grant permanent custody of Alexis and Jacqueline Flory[A. and J.] to the Miami County Children's Services Board was improper."
 {¶ 7} Flory contends that the trial court's decision to grant permanent custody of Alexis A. and Jacqueline J. to the MCCSB wasis against the manifest weight of the evidence and is not supported by clear and convincing evidence.
 {¶ 8} Pursuant to R.C. 2151.414(B), "the court may grant permanent custody of a child to a movant if the court determines . . ., by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that . . . [t]he child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."
 {¶ 9} "Clear and convincing evidence is that level of proof which would cause the trier of fact to develop a firm belief or conviction as to the facts sought to be proven." In re Dylan C. (1997),121 Ohio App.3d 115, 121, 699 N.E.2d 107 (citation omitted). "An appellate court will not reverse a trial court's determination concerning parental rights and child custody unless the determination is not supported by sufficient evidence to meet the clear and convincing standard of proof." Id. (citation omitted).
 {¶ 10} "When a judgment is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact `clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" In re Conner (Nov. 2, 2001), Montgomery App. No. 18808, 2001 WL 1345955, at *3 (citation omitted). "A judgment should be reversed as being against the manifest weight of the evidence `only in the exceptional case in which the evidence weighs heavily against the [judgment].'" Id. (citation omitted).
 {¶ 11} The trial court adopted the magistrate's decision granting permanent custody of Alexis A. and Jacqueline J. to the MCCSB on the basis of Flory's failure to comply with the requirements of her case plan. The trial court focused on Flory's failure to obtain and maintain stable housing and employment as well as her failure to obtain counseling, and found that any changes made by Flory did not take place until after the MCCSB filed theirits motion for permanent custody on April 3, 2002. The trial court concluded that Alexis A. and Jacqueline J. should not be placed with Flory, because her failure to meet the requirements of her case plan demonstrated a lack of commitment to her children.
 {¶ 12} We will review each of the requirements of Flory's case plan. First, Flory was to obtain and maintain stable housing and was not to reside with Heather Richardson or Ben Kruger. The record before us shows that Flory lived with various people, including Richardson and Kruger, at different residences from May, 2001, until April or May, 2002. After the removal of her children from her custody in May, 2001, Flory continued to reside with Richardson and Kruger until September, 2001, when they were evicted. From September, 2001, until April or May, 2002, Flory stayed, occasionally at the same time as Richardson and Kruger, with a variety of friends at different residences. Flory did not obtain independent housing until April or May, 2002, after the MCCSB had moved for permanent custody. The trial court's finding that Alexis A. and Jacqueline J. should not be placed with Flory, because Flory's delay in obtaining independent housing demonstrated a lack of commitment, wasis supported by clear and convincing evidence.
 {¶ 13} Second, Flory was required to obtain and maintain sufficient employment in order to provide for herself and her children. The record shows that Flory had part-time oremployment, temporary employment, or no employment at all from May, 2001, until April, 2002. In April, 2002, Flory became a permanent employee atof Industrial Products, but this was after the MCCSB had moved for permanent custody. The trial court's finding that AlexisA. and JacquelineJ. should not be placed with Flory, because Flory's delay in obtaining sufficient employment demonstrated a lack of commitment, wasis supported by clear and convincing evidence.
 {¶ 14} Third, Flory was to attend counseling to address issues of loss and separation from her children, consequences of her own abuse, the effects of dependency, and to understand positive and negative relationships. The record shows that Flory attended only one counseling session to address these issues. Flory testified that she never rescheduled, because the doctor told her counseling was optional. However, Flory had not scheduled her first appointment until May, 2002, after the MCCSB filed its motion for permanent custody. The trial court's finding that Alexis A. and Jacqueline J. should not be placed with Flory, because Flory's delay in obtaining counseling and failure to go to more than one counseling session demonstrated a lack of commitment, wasis supported by clear and convincing evidence.
 {¶ 15} Although the trial court focused on the preceding three requirements of her case plan in making its decision, Flory was also to provide for the basic needs of Alexis A. and Jacqueline J., including food, clothing, cleanliness, medical needs and shelter. The record demonstrates Flory's lack of commitment to making changes in her life to meet the requirements of her case plan and sustain the basic needs of her children. Because of Flory's failure to make any attempts to meet the requirements of her case plan until after the MCCSB moved for permanent custody, it cannot be said that she met her case plan requirement to provide for the basic needs of Alexis A. and Jacqueline J. including food, clothing, cleanliness, medical needs and shelter.
 {¶ 16} Finally, Flory was to use age-appropriate disciplinary measures, not corporal punishment, with Alexis A. and Jacqueline J. Flory was not to abuse or neglect Alexis A. and Jacqueline J. The record demonstrates that Flory complied with this requirement of her case plan. However, compliance with one of five requirements of her case plan is insufficient to demonstrate substantial compliance with the entire case plan.
 {¶ 17} From the record before us, we cannot say that the trial court's decision is not supported by sufficient evidence. At the time of the hearing before the magistrate, Alexis A. had spent over half of her life, and Jacqueline J. had spent nearly her entire life, with their foster family. Alexis A. and Jacqueline J. had only one foster placement, with the same foster family, who intended to adopt Alexis A. and Jacqueline J. if permanent custody were to be granted to the MCCSB. Despite Flory's consistent visitation with Alexis A. and Jacqueline J. for two hours each week, her failure to meet the requirements of her case plan demonstrated her lack of commitment to her children. Based on the record before us, the trial court was justified in finding that the relationship between Flory and her children was such that the lossnot of the relationship would be outweighed bysufficient quality to outweigh the advantages to the children of permanent placement. The trial court's finding that Alexis A. and Jacqueline J. should not be placed with Flory, because Flory's delays in her attempts to comply with her case plan demonstrated her lack of commitment to her children, wasis supported by clear and convincing evidence.
 {¶ 18} For the same reasons discussed above, we cannot find that the trial court's decision granting permanent custody of Alexis A. and Jacqueline J. to the MCCSB wasis against the manifest weight of the evidence. Therefore, Flory's sole Assignment of Error is overruled.
 III {¶ 19} Flory's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and YOUNG, JJ., concur.
[1] Although the father of Alexis A. and Jacqueline J., Ben Kruger, was also divested of parental rights, he did not appeal the decision.